JOHANN D. STUBBE, Plaintiff and Appellant, *v.* PEDRO GANDÍA-CÓRDOVA, Defendant and Appellee.

No. 3912. Argued May 7, 1926.—Decided July 31, 1926.

*Henry G. Molina* for the appellant. *Juan B. Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The Porto Rico Fertilizer Company in *Gandía* v. *Porto Rico Fertilizer Co.*, 2 F. (2nd) 641, maintained, with this court, that by reason of a contract of dissolution between the partners Gandía and Stubbe the title to sixty shares of stock had been actually transferred from Gandía to Stubbe. The Circuit Court of Appeals reversed the decision of this court and held that Gandía had never parted with the title

of said sixty shares. Necessarily, this decision of the Circuit Court of Appeals in a suit of a different party was not binding on Stubbe who was not a party to the suit. In other words, Gandía could never set up the judgment in the suit with the Fertilizer Company as an estoppel.

To a complaint of Stubbe against Gandía the latter demurred and the appeal in this case is from the judgment sustaining the demurrer. The complaint contained three alleged causes of action.

In the first count, interpreting the alleged contract of dissolution, the complainant alleged that 250 shares of stock were adjudicated to Stubbe; that up to the time of dissolution the said shares in reality belonged neither to Gandía nor to Stubbe individually, but to the firm of Gandía & Stubbe; that in effect, then, as sixty shares of stock were in the name of Gandía, he was bound by said articles of dissolution to transfer the title to Stubbe, but that he had refused to do so.

We agree with the appellee Gandía that he did not, nor did the court below maintain that the decision in *Porto Rico Fertilizer Co.* v. *Gandía* was *res adjudicata*. What the court held, and what the appellee maintains, is that the interpretation put upon the contract by the higher court is binding upon this court. Perhaps we might be free, in a proper case and between parties who were not before that Circuit Court of Appeals, to examine an alleged contract of dissolution anew and see if there were any words or clauses that were overlooked by the Circuit Court of Appeals, and whether any part of the text of said articles of dissolution had not been considered by that court. However, a reading of the opinion of said court excludes any possibility except that the contract was being considered as a whole and that none of the contentions of complainant can be sustained. The said court looked at the whole articles of dissolution and held that Gandía had never parted with the title to the said sixty shares. Likewise, the clear intimation of the

court was that the title could only pass upon the payment of the price agreed upon, namely, $6,000.

The court said: "But Gandía consistently and correctly claimed that he was entitled to contemporaneous cash payments from Stubbe and the defendant, together, of $14,234.06, and brought this suit because the defendant Fertilizer Company had disregarded his rights as a stockholder therein." And there was more in the opinion to the same effect. The court was interpreting the contract to mean that Gandía had a right to $8,234.06 from the Fertilizer Company for dividends declared and before transferring title a contemporaneous payment of $6,000 from Stubbe.

As we understand it, nothing but the actual contemporaneous payment of $6,000 would have been sufficient to transfer the title. No offset, counterclaim or attempt at bookkeeping would suffice. The actual payment was necessary. A man agrees to sell stock for $6,000. Although he may owe the proposed purchaser money greatly in excess of $6,000 the particular sale, at the option of the proposed vendor, never takes place until he receives in hand the actual cash. This we understand is in part the conclusion of the Circuit Court of Appeals. We have the idea, also, that under this interpretation of the contract the right to insist on a sale of the sixty shares was lost.

This reasoning likewise disposes of the second cause of action. The complainant insists that independently of actual payment he has a right to rely upon some equivalency or adjustment to be found in the articles of dissolution.

It is true that in the said second count the appellant alleged that by virtue of said articles and of contemporaneous facts and circumstances it was the intention of the parties that the defendant should transfer the title to said sixty shares to said Stubbe, the appellant, without receiving anything more than the $6,000. Not only does it not appear that the said $6,000 were paid or tendered, but the aver-

ment of other facts and circumstances is not the averment of facts for the purpose of a pleading. Besides, the construction of the Circuit Court of Appeals is that contemporaneous payment was necessary.

The third cause of action seems to depend in part upon the two preceding and possibly should stand or fall with them. We agree, however, with the appellee that as the articles of dissolution name a liquidator, who is not Gandía, to settle the account between the partners, any right or claim to a settlement of the partnership accounts must be directed to said liquidator.

The judgment appealed from sustaining a demurrer to the complaint must be affirmed.

Justices Hutchison and Franco Soto took no part in the decision of this case.